NEVADA TAX COMMISSION, COMPOSED OF CHARLES H. RUSSELL, CHAIRMAN, ROBERT A. ALLEN, EDWARD ARNOLD SETTELMEYER, NORMAN D. BROWN, MARSHALL WILLIAM DEUTSCH, HORACE GORDON LATHROP, AND W. S. LARSH, AND THE NEVADA GAMING CONTROL BOARD, COMPOSED OF ROBBINS CAHILL, WILLIAM SINNOTT, AND NEWELL HANCOCK, APPELLANTS, *v.* WALDORF, INC., A NEVADA CORPORATION, HAROLD L. WALTER, ANNA MAE WALTER, I. L. LAWLOR, JAMES P. HAMMONDS, AND EDWARD L. THOMAS, RESPONDENTS.

No. 3973

March 5, 1957                                307 P.2d 779

*E. Frandsen Loomis* and *Springer & McKissick,* of Reno, for Appellants.

*F. R. Breen,* of Reno, for Respondents.

# OPINION

*Per Curiam:*

This is an appeal taken by the Nevada Tax Commission from order of the trial court granting to respondents as plaintiffs below a temporary injunction. The injunction restrains the Tax Commission from enforcement of its order revoking respondents' license to conduct gambling at their premises at North Virginia street in the city of Reno. Appellants contend that the trial court was without authority to grant such injunction.

On July 31, 1956 the Tax Commission revoked the state gambling license theretofore issued to respondents following a hearing at which respondents had been charged with operating a cheating game.

On August 3, 1956 an action was brought by respondents in the court below seeking judicial review of the action taken by the Tax Commission, attacking the Gambling Control Act as unconstitutional, and, pending final determination, seeking an injunction against enforcement of the revocation. In support of its prayer for injunctive relief the complaint alleged that enforcement of the revocation would cause irreparable injury in that plaintiffs, (1) would be deprived of profit from their gaming operations; (2) would suffer loss of clientele to their competitors through interruption of business; (3) would suffer loss of a substantial part of their employee organization; (4) would be subjected to the possibility of cancellation of their lease; and (5) would, in all probability, forfeit their city gambling license since their premises are located in an area not zoned for gambling, and their local license has been permitted to continue solely for the reason that gambling had been conducted on the premises prior to the present zoning ordinance. Upon the showing made by the complaint an order was issued by the trial court restraining appellants, pendente lite, from enforcing their revocation. From that order this appeal is taken. The appeal was briefed and argued and on December 17, 1956 submitted for the decision of this court.

Subsequent events caused this court to inquire into the possibility that the issues presented by the appeal had become moot. The Waldorf club has closed its doors and ceased doing business. Its city license has expired and an application for renewal has been denied by the city council as to games,' although granted as to slot machines. An order to the litigants to show cause why the appeal should not be dismissed as moot was entered by this court, and upon that order a hearing was had February 26, 1957.

The Tax Commission opposed dismissal. It pointed out that the city had granted a license to operate slot machines on the premises. The Tax Commission has revoked the state license to that effect. The right of respondents to operate slot machines on the premises under the injunction, therefore, still exists.

The hearing also brought out, however, that all justification for the granting of the injunction has ceased to exist; that all injury which the injunction sought to avoid has already been suffered by respondents through their own action in closing their doors; that to continue the injunction under these circumstances would be improper. Counsel for respondents conceded that this is true and advised that a dissolving of the injunction would not be opposed.

It is, therefore, clear that although the appeal itself may not be subject to dismissal as moot since the injunction remains to be dissolved, the dispute which brought the matter here has ceased to exist. The essential legal issues presented by the appeal—those relating to the power of the trial court to issue an injunction under the circumstances—have ceased to be disputed issues.

The Tax Commission contends that these questions of law are of public concern and that settlement should be had in the public interest. This court has ever been reluctant to depart from the judicial field—that of resolving disputes—and to enter the advisory field through the announcing of law unrelated to any pending dispute. Support for our position receives practical illustration from the fact that an appeal now pending before this

court and set for hearing this month may well involve an active dispute upon the precise questions presented by this appeal. This fact also serves to reduce the force of the commission's contention that public interest demands that a settlement of the questions of law be had in these proceedings.

We conclude that our judicial function in this matter will be fully discharged by our providing for prompt termination of the injunction. Ordinarily we should accomplish our purpose by remanding the matter to the trial court for further hearing upon the events occurring since the injunction was issued. Cf. Ripps v. Las Vegas, 72 Nev. 135, 297 P.2d 258. In view of the concessions of respondents made upon our hearing, however, the imposing of a further hearing upon the trial court would appear wholly unwarranted.

Remanded with instructions that the temporary injunction be set aside.